# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:23-CV-00741-KDB-DCK

| | |
|---|---|
| ASHLEY TOLIVER AND TIFFANY WESSON, **Plaintiffs,** v. WILLIAM SHENK AND JSKJ, LLC, **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Partial Motion to Dismiss Amended Complaint (Doc. No. 17). In their motion, Defendants argue that Plaintiff Tiffany Wesson failed to sufficiently state a claim of wrongful discharge in violation of North Carolina public policy. The Court has carefully considered this motion and the parties' briefs in support of their respective positions. For the reasons discussed below, the Court will **DENY** Defendants' Motion.

## I.    LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

1

(citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II.    FACTS AND PROCEDURAL HISTORY

Defendant William Shenk is the owner of JSKJ, LLC ("Team Charlotte Motorsports"). Doc. No. 12 at ¶ 1. Plaintiff Tiffany Wesson began working for Team Charlotte Motorsports on March 16, 2021.[1] *Id.* During her employment, Shenk allegedly routinely referred to Wesson in sexualized terms and made comments about her appearance, body, and clothing. *Id.* at ¶¶ 12-13. Wesson states that she asked Shenk to stop referring to her in sexualized terms, but he refused and

---

[1] The Court will only review the facts as they relate to Wesson because Defendants do not seek to dismiss any claims brought by her co-Plaintiff Ashley Toliver, who was also an employee at Team Charlotte Motorsports.

the behavior persisted. *Id.* at ¶ 15. She also alleges that on one occasion, Shenk made an unwanted advance while she was at work and then, recognizing that "the behavior was inappropriate and unwanted," called her to apologize. *Id.* at ⁋ 18.

While working at Team Charlotte Motorsports, Wesson had an extra-marital affair with another employee. *Id.* at ¶ 21. After learning of the affair, Shenk allegedly told Wesson he was jealous she had the affair with someone other than himself and offered for Wesson to stay at his apartment with him. *Id.* at ¶ 22. Wesson alleges that she was demoted after she declined his offer. *Id.*

Wesson then requested a meeting with Shenk to discuss her newly reduced pay and job title. *Id.* at ⁋ 22. During the meeting in Shenk's office, which was attended by Wesson, Shenk and the company's General Manager, Wesson threatened to hire a lawyer to stop Shenk's constant harassment of her. *Id.* at ¶ 23. He allegedly told her "I don't lose those cases" and made other vulgar comments that implicated the employee with whom Wesson had her affair. *Id.* As tensions rose, Wesson tried to leave the meeting to get the employee that Shenk had mentioned, but was stopped by Shenk who held the door closed and refused to let her exit. *Id.* at ¶ 24. After repeatedly asking to leave the office, Wesson was allegedly fired on the spot by Shenk. *Id.* at ¶ 24, 1.

Plaintiff Wesson, alongside her co-Plaintiff Ashley Toliver, filed this action against Defendants on November 7, 2023. Doc. No. 1. Defendants filed their first Partial Motion to Dismiss in January 2024, but it was denied as moot after Plaintiffs timely filed an Amended Complaint. *See* Doc. Nos. 10, 12, 14. In the Amended Complaint, Wesson has alleged claims of Battery, Intentional Infliction of Emotional Distress, False Imprisonment, and Wrongful Discharge in Violation of Public Policy against Defendants. Doc. No. 12. In February 2024, Defendants filed

3

this Partial Motion to Dismiss Amended Complaint (Doc. No. 17), which is now fully briefed and ripe for the Court's review.

## III.    DISCUSSION

North Carolina adheres to the employment at-will doctrine which means that "in the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party." *Kurtzman v. Applied Analytical Indus., Inc.*, 493 S.E.2d 420, 422 (N.C. 1997). However, there is a limited public policy exception to this "at will" relationship "designed either to prohibit status-based discrimination or to insure the integrity of the judicial process or the enforcement of the law." *Id.* at 423; *see Coman v. Thomas Mfg. Co.*, 381 S.E.2d 445 (N.C. 1989) (applying public policy exception for discharging an employee for refusing to falsify driving records); *Amos v. Oakdale Knitting Co.*, 416 S.E.2d 166 (N.C. 1992) (applying exception for terminating employees for refusing to work for less than the statutory minimum wage). To sufficiently state a claim of wrongful discharge in violation of public policy, the plaintiff must cite "specific conduct by a defendant that violated a specific expression of North Carolina public policy." *Considine v. Compass Grp. USA, Inc.*, 551 S.E.2d 179, 184 (N.C. Ct. App.), *aff'd*, 557 S.E.2d 528 (N.C. 2001). Importantly, "the employee has the burden of pleading and proving that the employee's dismissal occurred for a reason that violates public policy." *Id.* at 181.

In the Amended Complaint, Wesson offers multiple theories as to why she was wrongfully terminated in violation of North Carolina public policy: (1) her gender, (2) her rejection of Shenk's alleged sexual advances, (3) the allegedly ongoing "campaign of sexual harassment" against her, (4) her threat to seek legal counsel to assert her employment rights, and (5) her opposition to

4

Shenk's alleged false imprisonment of her. *See* Doc. No. 19 at 2-6. Defendants contend that Wesson fails to allege a wrongful discharge claim because stating alternative or multiple theories without alleging a single "motivating" or "but for" cause of her termination is insufficient[2] and further argue the allegations are merely conclusory. Doc. No. 18 at 3. The Court disagrees with the Defendants and, for the reasons discussed below, finds that Wesson has plausibly alleged that she was wrongfully terminated in violation of North Carolina public policy.

Because "[t]he Federal Rules do not contain a heightened pleading standard for employment discrimination suits," Wesson's claim is subject to the typical plausibility pleading standard. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)*; see Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017) (holding that plaintiff need not plead facts sufficient to establish a prima facie case of discrimination to survive a motion to dismiss but must meet the stringent pleading standard established in *Iqbal* and *Twombly*). While Wesson states multiple theories for her wrongful termination claim, federal law explicitly permits her to do so. *See* Fed. R. Civ. P. 8 (d)(2) ("A party may set out two or more statements of a claim or defense alternatively or hypothetically. . . . [T]he pleading is sufficient if any one of them is sufficient."); *Grevera v. Microsoft Corp.*, No. 3:12-CV-00261-MOC, 2013 WL 1347859, at *2 (W.D.N.C. Apr. 3, 2013)

---

[2] Defendants rely on *Feltman v. City of Wilson* to support their assertion that Plaintiff must allege a "but for" cause of her termination. 767 S.E.2d 615, 621 (N.C. App. 2014). However, in *Feltman*, the North Carolina Court of Appeals actually *reversed* the trial court's decision to require a "but for cause" after holding it erroneously imposed a heightened pleading standard inconsistent with notice pleading. *Id.* at 622. Defendants also rely on *Kingsdown, Inc. v. Hinshaw* for the same proposition. No. 14 CVS 1701, 2015 NCBC 28, at *16 (N.C. Super. Ct. Mar. 25, 2015). However, as Wesson points out, this is an earlier decision of the court superseded by a more recent opinion. In *Kingsdown, Inc.*, the court ultimately dismissed the plaintiff's claim of wrongful discharge in violation of North Carolina public policy because the plaintiff did not allege that she was an at-will employee, and even if she had, the plaintiff failed to cite any North Carolina public policy that had been violated by the defendant's actions. No. 14 CVS 1701, 2016 WL 661823, at *9, *11 (N.C. Super. Feb. 17, 2016).

("That plaintiff may have pled additional facts or facts in the alternative that may be antithetical to a claim is of no consequence, as the Federal Rules of Civil Procedure envision pleading in the alternative."). Thus, to the extent that Defendants protest that Wesson has stated permissible reasons for her termination (Doc. No. 18 at 4), a motion to dismiss under Rule 12(b)(6) evaluates only whether a plausible claim is stated, not factual disputes or the merits of a claim. *Swierkiewicz*, 534 U.S. at 515 ("Rule 8(a) establishes a pleading standard without regard to whether a claim will proceed on the merits."); *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

The Amended Complaint alleges that Wesson was an at-will employee of Team Charlotte Motorsports and cites "specific conduct" by Defendants that violates several statutory "expression[s] of North Carolina public policy." *Considine*, 551 S.E.2d at 184. *See* Doc. No. 12 ¶¶ 125 – 131. Each alternative theory for Wesson's termination is supported by a specific provision of North Carolina public policy. Accepting as true all of the factual allegations, Wesson has pled that she was subjected to a hostile work environment while employed at Team Charlotte Motorsports that fostered vulgar comments, unwanted advances, and sexual harassment by Shenk. Wesson has further pled that she was demoted after declining Shenk's advances and fired after threatening to hire a lawyer to stop the persistent inappropriate behavior. This meets the standard for stating a claim of wrongful discharge in violation of public policy under North Carolina law established in *Considine* and places Defendants on notice of what public policy was allegedly violated when they terminated Wesson. *See Gillis v. Montgomery Cnty. Sheriff's Dep't*, 663 S.E.2d 447, 450 (N.C. Ct. App. 2008) (affirming dismissal of wrongful discharge claim because plaintiff's failure to cite any "explicit statutory or constitutional provision" failed to place defendants on notice). The detailed nature of Wesson's factual allegations moves her claim "across the line from conceivable to plausible" and permits the Court to draw a "reasonable inference" that Defendants

terminated Wesson in violation of North Carolina public policy. *Ashcroft*, 556 U.S. at 683, 663 (quoting *Twombly*, 550 U.S. at 570, 556). As Plaintiff has sufficiently stated a claim of wrongful discharge in violation of North Carolina public policy, the Court will permit it to proceed and will accordingly deny Defendants' motion.

## IV.     ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Partial Motion to Dismiss Amended Complaint (Doc. No. 17) is **DENIED;**

2. This case shall **proceed toward trial on the merits** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 16, 2024

Kenneth D. Bell
United States District Judge

7